**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**DALE LEE LENOIR,**

      **Petitioner,**

**vs.**                              **Case No. 4:12cv344-WS/CAS**

**MICHAEL D. CREWS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

On July 12, 2012, Petitioner Dale Lee Lenoir, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a prison disciplinary action that resulted in a loss of gain time. Doc. 1. This Court directed Respondent to file an answer, motion, or other response. Doc. 5.

On December 20, 2012, Respondent filed a motion to dismiss, asserting that Petitioner has failed to exhaust his state administrative remedies or, alternatively, the § 2254 petition is untimely. Doc. 9. On January 7, 2013, Petitioner filed a reply to the motion to dismiss. Doc. 10.

Upon review of the file, the Court noted Petitioner had filed a Notice of Address Change, indicating he had been released from prison. Doc. 11; *see* Doc. 12. Indeed,

in another pending § 2254 proceeding initiated by Petitioner challenging a different

disciplinary report, the Respondent filed a motion to dismiss the petition as moot

because of Petitioner's release from incarceration on March 1, 2013.  *See* Doc. 12;

CM/ECF docket for Lenoir v. Crews, 4:12cv157-RH/CAS.

Accordingly, this Court entered an order on March 25, 2013, directing Petitioner

to file a response on or before April 24, 2013, and show cause why this case should not

be dismissed as moot.  Doc. 12.  On April 24, 2013, this Court entered an order

granting Petitioner's motion for extension of time and allowing him until May 13, 2013,

to file a response.  Doc. 14.  To date, the Court has not received any response from

Petitioner.

The matter was referred to the undersigned magistrate judge for issuance of all

preliminary orders and any recommendations to the district court regarding dispositive

matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule

72.2(B).  After careful consideration, the undersigned has determined no evidentiary

hearing is required for the disposition of this matter.  *See* Rule 8(a), R. Gov. § 2254

Cases.  The pleadings and attachments before the Court show that the petition is moot

and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts

(authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits

that the petitioner is not entitled to relief" in federal court).

## Analysis

Petitioner was released from prison on March 1, 2013.  *See* Doc. 12.  The

§ 2254 petition challenges only a disciplinary report that resulted in the loss of gain

time.  Doc. 1.  As relief, Petitioner seeks the restoration of his gain time.  *Id*. at 17.

Whether an action is moot involves a jurisdictional issue because it implicates the Article III requirement of a live case or controversy.  Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987).  Upon expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration" – some "collateral consequence" of the conviction – must exist to maintain the habeas action.  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  *See, e.g.*, Hernandez v. Wainwright, 796 F.2d 389, 390 (11th Cir. 1986) (holding district court properly dismissed as moot state prisoner's § 2254 petition that alleged prison officials had unconstitutionally miscalculated his gain time credits, where prisoner no longer in custody and prisoner attacked only length of confinement); Schmidt v. McNeil, No. 5:07cv281/RS/MD, 2010 WL 2351461 (N.D. Fla. Apr. 30, 2010) (report and recommendation, approved by district judge, to dismiss as moot § 2254 proceeding challenging disciplinary report that resulted in loss of gain time, because petitioner had been released from prison); Bango v. McDonough, No. 3:05cv466/RV/EMT, 2006 WL 3483512 (N.D. Fla. Nov. 29, 2006) (order adopting report and recommendation to dismiss habeas corpus proceeding as moot because petitioner challenged only disciplinary decision resulting in loss of gain time and disciplinary confinement, and petitioner had since been released from prison).

Here, Petitioner evidently does not dispute that he was released from prison because his sentence expired.  Petitioner's objective in bringing this habeas action was the restoration of allegedly wrongful forfeiture of gain time, to procure his release from incarceration.  Because he has been released from incarceration, there is no longer a

case or controversy to litigate. *See, e.g.*, <u>Schmidt</u>, No. 5:07cv281/RS/MD, 2010 WL 2351461 at *2; <u>Fields v. Sec'y Dep't of Corr.</u>, No. 5:09cv83/RS/EMT, 2009 WL 1456403 (N.D. Fla. May 22, 2009).

## Conclusion

Based on the foregoing, this § 2254 petition should be dismissed is moot. Accordingly, Respondent's motion to dismiss (Doc. 9) should be denied as moot.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts  provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.  Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that the § 2254 petition for writ of habeas corpus (Doc. 1) be **DISMISSED AS MOOT**, Respondent's motion to dismiss (Doc. 9) be **DENIED** as moot, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 13, 2013.

s/  Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:12cv344-WS/CAS